UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-350-BR
No. 5:12-CV-609-BR

| | | |
|---|---|---|
| JOSEPH NADIR NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of this 28 U.S.C. § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 5 January 2011 and pursuant to a plea agreement, petitioner pled guilty to conspiracy to rob a business in interstate commerce in violation of 18 U.S.C. § 1951 (Count One) and using and carrying a firearm during a federal crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 2, 924(c) (Count Three). On 7 July 2011, the court sentenced petitioner to a total term of 288 months imprisonment. Petitioner appealed his sentence. On 15 December 2011 and on the government's motion, the Fourth Circuit Court of Appeals dismissed the appeal based on the waiver of the right to appeal contained in petitioner's plea agreement. (DE # 117.) On 18 September 2012, petitioner timely filed the instant motion.

Petitioner claims that his trial counsel rendered ineffective assistance based on his alleged failure to object to the presentence report ("PSR") in a number of respects. The

applicable legal standard for an ineffective assistance claim is well established. Under the principles of Strickland v. Washington, 466 U.S. 668 (1984),

> a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Under the second prong of *Strickland* 's test, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." For counsel's trial performance to be deficient, he must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's representation fell below an objective standard of reasonableness." To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Under *Strickland,* a reasonable probability is a "probability sufficient to undermine confidence in the outcome." Furthermore, and of importance here, in conducting the ineffectiveness inquiry, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."

Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (citations omitted), cert. denied, 122 S. Ct. 2311 (2002).

First, petitioner contends that counsel should have objected at sentencing to the court's application of U.S.S.G. § 1B1.2(d). (See Mem., DE # 126-1, at 5-6.) That guideline provision states, "A conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." U.S.S.G. § 1B1.2(d) (2010).

> For example, where a conviction on a single count of conspiracy establishes that the defendant conspired to commit three robberies, the guidelines are to be applied as if the defendant had been convicted on one count of conspiracy to commit the first robbery, one count of conspiracy to commit the second robbery, and one count of conspiracy to commit the third robbery.

2

Id., n.3. However,

> [p]articular care must be taken in applying subsection (d) because there are cases in which the verdict or plea does not establish which offense(s) was the object of the conspiracy. In such cases, subsection (d) should only be applied with respect to an object offense alleged in the conspiracy count if the court, were it sitting as a trier of fact, would convict the defendant of conspiring to commit that object offense.

Id., n.4. Thus, when the verdict or plea does not establish which offenses were the object of the conspiracy, to properly apply U.S.S.G. § 1B1.2(d), at sentencing, the court must find beyond a reasonable doubt the object offenses which a defendant conspired to commit. See United States v. Bradley, 644 F.3d 1213, 1300 (11th Cir. 2011).

Petitioner appears to argue that his attorney should have objected and required the court to use this higher standard– beyond a reasonable doubt– at sentencing to determine whether he conspired to commit the robberies alleged in the indictment as overt acts. The court disagrees. Count One of the indictment charged petitioner with conspiracy to rob a business in interstate commerce. The overt acts charged include the 25 August 2010 robbery of the Shop N Gas in Kenly, North Carolina and the 25 August 2010 robbery of the Shop N Gas in Zebulon, North Carolina. (DE # 4, at 2.) At petitioner's plea hearing, petitioner admitted to participating in these robberies. (1/5/11 Tr., DE # 112, at 28, 30-32.) Therefore, petitioner's plea established that the two robberies were the object of the conspiracy, and there was no need for the court to make that finding at sentencing. Accordingly, counsel was not ineffective for failing to raise what amounts to a meritless argument. See Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("Failure to raise a meritless argument can never amount to ineffective assistance.").

Second, petitioner contends that counsel should have objected to the application of the

enhancement under U.S.S.G. § 3B1.1(c) based on petitioner's role as an organizer or leader. (Mem., DE # 126-1, at 7-9.) Counsel did raise such an objection, (see PSR, Addend., DE # 95, at 17; 7/5/11 Tr., DE # 111, at 6), and the court overruled it, (7/5/11 Tr., DE # 111, at 6). Obviously, counsel cannot be deemed to have rendered ineffective assistance for failing to do something that he in fact did.

Third, petitioner claims that counsel was ineffective for failing to arguing that only a two-level enhancement was warranted under U.S.S.G. § 2B2.1 for a victim's sustaining "bodily injury," rather than the six-level enhancement for a victim's sustaining "permanent or life-threatening bodily injury." (Mem., DE # 126-1, at 9-10.) Counsel did lodge an objection to the PSR on this basis. (See PSR, Addend., DE # 95, at 17.) However, at sentencing, counsel withdrew the objection (and another) in light of the government's filing of a motion for downward departure based on substantial assistance. (See 7/5/11 Tr., DE # 111, at 5-6.) Such a strategy, that is, the withdrawal of objections in the hopes of gaining the full benefit of a downward departure, is reasonable and does not constitute deficient performance. See United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (recognizing that strategic decisions "'must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments'" and should not be judged by "'the distorting effects of hindsight'" (citations omitted)).

Fourth, petitioner claims that counsel should have objected to the inconsistencies in the "testimony" of the co-defendants contained in the PSR and in the affidavit provided by a law enforcement agent in support of the criminal complaint. (Mem., DE # 126-1, at 10-15.) He claims that the use of this testimony resulted in the enhancement of his offense level for using or

4

attempting to use a person less than 18 years of age and for discharging a firearm. (Id. at 11.) It is significant to note that the information obtained from petitioner's co-defendants and summarized in the law enforcement officer's affidavit and the PSR is not testimony of the co-defendants. Also, the Confrontation Clause and the Federal Rules of Evidence do not apply at sentencing. United States v. Powell, 650 F.3d 388, 393 (4th Cir.), cert. denied, 132 S. Ct. 350 (2011); United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). And, counsel did object to a number of facts set forth in the PSR and to the use-of-a-minor and firearm enhancements; the court overruled all those objections. (See PSR, Addend., DE # 95, at 17-18; 7/5/11 Tr., DE # 111, at 6-7, 10-11.) Counsel was not deficient regarding any inconsistencies in the affidavit and the PSR.

Fifth, petitioner appears to argue that counsel should have "objected" to the § 924(c) charge because to be guilty of having aided and abetted that offense, he must have known that his co-defendant intended to use the firearm by discharging it. (See Mem., DE # 126-1, at 15-17.) In petitioner's words, he "had an idea that the Gun/or [sic] Guns would be used in the robbery meaning petitioner had to know that everyone had a firearm, but what he did not know was that the firearms were to be fired at a person." (Id. at 17.) Petitioner claims that counsel never told him that the government had to prove he (petitioner) knew the way in which the firearm was to be used. (Id.) He requests that the court dismiss his § 924(c) conviction. (Id. at 18.)

Petitioner's argument is misplaced. The government is not required to prove a defendant's liability as an aider and abettor of a § 924(c) offense with proof that the defendant knew the precise manner in which another was going to use the firearm. United States v.

5

Wilson, 135 F.3d 291, 305 (4th Cir.) ("To be convicted of aiding and abetting, participation in every stage of an illegal venture is not required, only participation at some stage accompanied by knowledge of the result and intent to bring about that result." (quotation and citation omitted)), cert. denied, 523 U.S. 1143 (1998). Petitioner, along with a juvenile accomplice, entered the subject convenience store in Kenly, intending to rob the store.[1] They both brandished firearms during the course of this robbery, and the juvenile accomplice shot the store clerk. This evidence is sufficient to sustain the § 924(c) conviction under an aiding and abetting theory, even though petitioner may not have known that his accomplice would fire his (the accomplice's) weapon. Thus, counsel had no reason to object to the § 924(c) charge on this ground or to tell petitioner that the government had to prove petitioner's knowledge in this regard.

Furthermore, petitioner pled guilty not only to aiding and abetting another to violate § 924(c) but also to violating the offense himself. Thus, even if petitioner's conviction cannot stand under an aiding and abetting theory, it remains that he pled guilty to violating § 924(c) as a principal. Counsel was not ineffective for failing to challenge the § 924(c) charge in the manner petitioner suggests, and even if he was, petitioner suffered no prejudice.

Because petitioner is not entitled to relief on any ground he asserts, the § 2255 petition is DISMISSED.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing

---

[1] Count Three charged petitioner with using and carrying a firearm during and in relation to the robbery charged in Count Two, which was the robbery of the Shop N Gas in Kenly.

Section 2255 Proceedings, a certificate of appealability is DENIED.

This 21 November 2012.

_____
W. Earl Britt
Senior U.S. District Judge

7

Case 5:10-cr-00350-BR   Document 128   Filed 11/21/12   Page 7 of 7