IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:10-CR-00350-M-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSEPH NADIR NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's Motion for Compassionate Relief. [DE 218]. Defendant seeks a five-year reduction in his sentence, arguing that the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013) now renders his indictment constitutionally deficient under the Sixth Amendment. *Id.* at 2–3. After careful consideration, the court finds this is not an extraordinary and compelling reason for a reduced sentence. The motion is denied.

## I.     Abbreviated Factual and Procedural History

On October 20, 2010, Defendant was named in a ten-count indictment and charged with one count of conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; two counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 and Section 2; two counts of use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) and Section 2; and one count of possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and 924. [DE 4]. Pursuant to a written plea agreement, Defendant pleaded guilty to conspiracy to commit Hobbs Act Robbery (Count One) and to use of a firearm in furtherance of a Hobbs Act robbery committed on August 25, 2010 (Count Three). [DE 67 at 1]. The remaining charges were

dismissed at sentencing. [DE 98].

On July 5, 2011, the court sentenced Defendant to a term of imprisonment consisting of 168 months on Count One and 120 months on Count Three, to run consecutively for a total term of imprisonment of 288 months. *Id.* In calculating Defendant's guideline sentence for Count Three, the court found that a consecutive, ten-year mandatory minimum sentence applied pursuant to § 924(c)(1)(A)(iii)—a subsection that raises the mandatory minimum from five years to ten years when the firearm "is discharged." [DE 95 at 14]. The indictment did not allege that a firearm was discharged; it offered only that Defendant "did use" and "carry" a firearm. *Id.* The written plea agreement between the parties, however, stated that Defendant "understands, agrees, and admits" that Count Three caries a mandatory minimum sentence of ten years, to run consecutive to any other term of imprisonment. [DE 67 at 3–5]. Defendant was sentenced in accordance with the enhancement. *See* [DE 98].

Two years later, the Supreme Court issued an opinion in *Alleyne v. United States*, 570 U.S. 99 (2013). In it, the Court departed from its holding in *Harris v. United States*, 536 U.S. 545 (2002) and held that "[f]acts that increase the mandatory minimum sentence are elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 108. As such, the sentencing enhancements prescribed by § 924(c)(1)(A) may no longer be applied after a mere judicial finding. *Id.* at 117. They must instead be predicated on facts either charged in an indictment or admitted to in connection with a guilty plea. *See United States v. Bradley*, 581 Fed. Appx. 249, 253 (4th Cir. 2014) (unpublished) (holding that a § 841(b)(1)(B) enhancement was inapplicable under *Alleyne* because the requisite fact was neither alleged in the indictment nor admitted to by the defendant). To do otherwise violates the Sixth Amendment of the United States Constitution. *Alleyne*, 570 U.S. at 117.

2

Because the charges to which Defendant pleaded guilty did not allege that he discharged a firearm, he now moves for a sentence reduction. [DE 218 at 7].

## II.  Legal Standards

Typically, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Congress provided an exception to that general rule . . . which permits courts to reduce a sentence or permit immediate release based on extraordinary and compelling reasons warranting such relief." *United States v. Centeno-Morales*, 90 F.4th 274, 278 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)) (cleaned up). Once, these requests could only come from the Director of the Federal Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). Following the passage of the First Step Act, however, federal inmates were authorized to directly file motions for compassionate release once they "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [at] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*; *see also Centeno-Morales*, 90 F.4th at 279.

In considering these motions, a district court must conduct a two-step analysis. *Id.* First, the court must determine whether a defendant is eligible for a sentence reduction because he or she has demonstrated extraordinary and compelling reasons for release.  18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). Any potential sentence reduction must also be consistent with applicable policy statements issued by the United States Sentencing Commission, and the Commission has promulgated a non-exhaustive list of circumstances constituting acceptable "extraordinary and compelling" rationales. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); U.S.S.G. § 1B1.13(b). Because this list is non-exhaustive, a district court "has authority to consider any 'extraordinary and compelling reason'

3

that a defendant might raise, regardless of the Sentencing Commission's pronouncements or . . .

definitions." *United States v. Hall*, No. 09-CR-0520, 2024 WL 1485724, at *1 (D. Md. Apr. 5, 2024) (citing *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

Second, if the court finds there are extraordinary and compelling reasons for a sentencing modification, it must then evaluate the relevant § 3553(a) sentencing factors. *Centeno-Morales*, 90 F.4th at 279. The defendant bears the burden of showing why the § 3553(a) factors justify a modified sentence, *id.*, and a court may deny the defendant's motion based on its own analysis of the factors, even if an extraordinary and compelling circumstance exists. *See United States v. Kibble*, 992 F.3d 326, 331–32 (4th Cir. 2021).

## III.    Analysis

Based on the requirements of § 3582(c)(1)(A), Defendant's motion requires the court to consider (1) whether he exhausted his administrative remedies; (2) if so, whether extraordinary and compelling reason(s) exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors. The record reflects that Defendant has exhausted his available administrative remedies. [DE 218 at 4, 209-1].

### A. Extraordinary and Compelling Reasons

Defendant argues that pursuant to *Alleyne*, he was improperly sentenced for conduct that was not charged in the indictment. [DE 218 at 2–3]. Specifically, he contests the application of § 924(c)(1)(A)(iii)'s ten-year mandatory minimum because the indictment did not allege that he "discharged" a firearm. *Id.* at 7. It alleged only that he "use[d] and carr[ied]" a firearm." [DE 4]. Had he been sentenced only for the conduct alleged in the indictment, he argues he would have only been subject to a five-year mandatory minimum. [DE 218 at 2–3]. He believes that the five-

4

year discrepancy between these potential sentences is an extraordinary and compelling reason for

a reduced sentence. *Id.*

A policy statement issued by the Commission addresses how changes in the law should be

considered when assessing whether a defendant has presented an extraordinary and compelling

reason for a reduced sentence. In relevant part, the statement provides that:

> If a defendant received an unusually long sentence and has served at least [ten]
> years of the term of imprisonment, a change in the law (other than an amendment
> to the Guidelines Manual that has not been made retroactive) may be considered in
> determining whether the defendant presents an extraordinary and compelling
> reason, but only where such change would produce a gross disparity between the
> sentence being served and the sentence likely to be imposed at the time the motion
> is filed, and after full consideration of the defendant's individualized
> circumstances.

§ 1B1.13(b)(6). To the extent these conditions are not met, a change in the law should not

generally be considered an extraordinary and compelling reason for a reduced sentence. §

1B1.13(c).

Here, Defendant meets several of the preliminary requirements described by the Guideline.

He has served more than ten years of his sentence, and the court assumes without deciding that a

288-month sentence is unusually long.[1] And while *Alleyne*'s holding "does not apply retroactively

to cases on collateral review," Jones *v. Zych*, 812 Fed. Appx. 115, 125 (4th Cir. 2020), it changed

how defendants become subject to mandatory minimum sentencing enhancements.

While *Alleyne* did occasion a change in the law, it is inapplicable to this case. *Alleyne*'s

---

[1] The Guidelines do not quantify what an unusually long sentence is, and district courts have
adopted widely differing standards for making that determination. *Compare United States v.
Howard*, 2024 WL 112010, at *16 (D. Md. January 10, 2024) (finding that a 235-month sentence
is unusually long because it is "significantly longer than the average of all sentences imposed
nationwide in a given year"); *with United States v. Sanders*, 2024 WL 112010, at *17 (S.D. Ill.
June 20, 2024) (finding that a 240-month sentence was not unusually long because it was not
"abnormally longer than sentences for similar defendants"); *and United States v. Young*, 2024 WL
4393235, at *3 (D. Md. October 2, 2024) (assuming that a 444-month sentence is unusually long).

5

holding "left undisturbed" the basic principle that "when a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a plea," he cannot later challenge those facts as being inappropriately contemplated at sentencing. *United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013); *see also United States v. Yancy*, 725 F.3d 596, 601 (7th Cir. 2013) ("Because *Alleyne* did not involve the effect of a defendant's admission of the facts necessary for an aggravated crime, it leaves undisturbed our cases deeming such admissions fatal to *Apprendi* claims."); *Bradley*, 581 Fed. Appx. at 253 (stating that an *Alleyne* challenge would fail if the defendant admitted to the underlying facts in connection with his guilty plea). The written plea agreement in this case provides that Defendant "understands, agrees, and admits" that the minimum term of imprisonment for Count Three is ten years, to run "consecutive to any term of imprisonment imposed on Count One." [DE 67 at 4–5]. If no enhancement applied, the mandatory minimum sentence would have been five years. § 924(c)(1)(A)(i). This is increased to ten years only "if the firearm is discharged." § 924(c)(1)(A)(iii). By stipulating that Defendant was subject to a ten-year mandatory minimum, Defendant implicitly admitted that the "discharge" enhancement applied. Because Defendant admitted to the facts underlying the sentence enhancement, *Alleyne* is inapplicable. *See Bradley*, 581 Fed. Appx. at 253.

Even if *Alleyne* did apply, Defendant fails to show that its holding produces "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed." *See* § 1B1.13(b)(6). Defendant seems to assume that had his case been litigated today, he would not be subject to the ten-year mandatory minimum. The court finds this unlikely. At the time Defendant was charged, the Supreme Court had explicitly held that facts justifying § 924(c)'s enhancements did not need to be alleged in the indictment, and so the Government did not. *Harris*, 536 U.S. at 568. That choice does not indicate that such allegations

6

would be unsubstantiated. The Presentence Investigation Report states that during the course of two robberies, K.M. and C.K.M.—who Defendant told to "put some work in"—shot two victims and fired at a third. These facts are sufficient, under the aiding and abetting theory alleged in Count 3, to justify the "discharge" enhancement. Had the charges been brought today, the Government may well have complied with the Supreme Court's new procedural rule and made the proper allegations in the indictment. *See Jones*, 812 Fed. Appx. at 121. Defendant offers no evidence either way, so he does not carry his burden of showing that a gross disparity in sentences is likely.

In an alternate theory, Defendant argues that the Supreme Court's decision in *Rosemond v. United States* would now preclude the enhancement because he did not have prior knowledge that the firearm would be discharged. [DE 218 at 8]. In *Rosemond*, the Supreme Court stated that aiding and abetting liability for an offense under Section 2 could only be sustained if the defendant (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Rosemond v. United States*, 572 U.S. 65, 71 (2014). This articulation was not a change in the law; the Supreme Court merely consolidated existing legal principles from its caselaw and the common law into a two-element test. *See Hicks v. United States*, 150 U.S. 442, 449 (1893) (an accomplice is liable when the acts of assistance are done "with the intention of encouraging and abetting" the offense); 2 W. LaFave, Substantive Criminal Law § 13.2, p.337 (2003) (an accomplice is liable as a principle when he gives "assistance or encouragement . . . with the intent thereby to promote or facilitate commission of the crime"). Because these principles were in full effect at the time Defendant was convicted, the Guidelines counsel that they do not constitute an extraordinary and compelling reason for release. *See* § 1B1.13(c).

Finally, Defendant argues that his post-sentence rehabilitation, taken in conjunction with

7

the Fourth Circuit's "erroneous denial" of his motion to file a second § 2255 petition, constitutes an extraordinary and compelling reason for a sentence reduction. [DE 218 at 8]. To start, the court is not at liberty to treat a decision by the Fourth Circuit as if it were erroneous, so that denial will play no part in the court's consideration of the present motion. As to Defendant's argument concerning his post-sentencing behavior, "[r]ehabilitation of the defendant alone [is] not considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t) (limiting how the Sentencing Commission may define "extraordinary and compelling"). Given that Defendant has not demonstrated any other basis for relief, his rehabilitation alone does not suffice. *See* § 994(t).

### B. Section 3553(a)

Defendant failed to present extraordinary and compelling reasons for a reduced sentence, so he is not entitled to relief. *See* 18 U.S.C. § 3582(c)(1)(A). Even if he had, the court would still decline to reduce his sentence after considering the factors set forth in §3553(a). *Id*.

The nature and circumstances of the underlying offenses are particularly egregious. Defendant was charged in connection with two robberies occurring on August 25, 2010. [DE 95 at 4–5]. Defendant, Kwame Bellamy, and two juvenile males, K.M. and C.K.M., traveled to a Shop N Go Gas Station in Kenly, North Carolina. *Id.* at 4. Defendant told C.K.M. that he needed to "put some work in"[2] before all three entered the gas station with bandanas on their faces and brandished firearms. *Id.* Defendant announced, "I'm not fucking playing, give me all the money," before pointing his firearm at the eighteen-year-old cashier's face. *Id.* After the cashier gave

---

[2] The PSR advises that this phrase is used to communicate that individuals need to perform a mission on behalf of their gang. [DE 95 at 6]. Defendant used identical language on July 15, 2008, in conversation with Bellamy and another co-defendant named Devonte Ballard, before the group ordered a woman out of her car at gunpoint, beat her, and forced her into the trunk of her own car before leaving her. *Id.*

Defendant $600, C.K.M. shot the cashier twice, once in the stomach and one in the hand. *Id.* Immediately following this incident, Defendant and his co-conspirators travelled to Shop N Go Gas and Grill, where, following a physical struggle between Bellamy and a 62-year-old cashier, K.M. shot the cashier in her neck and C.K.M. fired three to four shots at another employee during a firefight while the group attempted to flee. *Id.* at 5. Defendant was well aware that his co-conspirator had shot the cashier during the first robbery when he participated in the second robbery. His co-conspirator's willingness to shoot someone—i.e. "discharge the firearm"—came as no surprise.

The court recognizes the important steps Defendant has taken while incarcerated. From the records provided, it seems as if Defendant has consistently engaged with the continuing education courses offered by the BOP, notably earning his GED in the process. [DE 218-1 at 2]. Defendant also advises that he has written a book while incarcerated and is planning to work at an automotive shop when released. [DE 218 at 10]. The court applauds these efforts but on balance, when considering them in conjunction with Defendant's offense conduct and prior criminal history—which includes participation in attempted common law robbery, a violent carjacking, and a drive-by shooting—the court finds that the imposed sentence remains appropriate.

For the foregoing reasons, Defendant's pro se Motion for Compassionate Relief [DE 218] is DENIED.

SO ORDERED this __27th__ day of January, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

9